**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,                                Case No. 96-80335-01

v.                                                Hon. Gerald E. Rosen

CARLOS UNDRY HICKS,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR RELIEF FROM JUDGMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on             June 9, 2009

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

In January of 1999, Defendant Carlos Undry Hicks was sentenced to 420 months of imprisonment and five years of supervised release following his guilty plea to causing a death through the use of a firearm during and in relation to a federal crime of violence, in violation of 18 U.S.C. § 924(j). The Sixth Circuit Court of Appeals affirmed Defendant's conviction and sentence in October of 2000, *see United States v. Hicks,* No. 99-1212, 2000 WL 1648132 (6th Cir. Oct. 27, 2000), and the United States Supreme Court denied his petition for a writ of certiorari on February 26, 2001, *see Hicks v. United States,* 531 U.S. 1202, 121 S. Ct. 1212 (2001). Through the present *pro se* motion, Defendant seeks relief from his January, 1999 judgment of conviction pursuant to Fed. R.

Civ. P. 60(b), on the ground that Congress purportedly exceeded its constitutional authority when it enacted § 924(j). For the reasons stated briefly below, the Court finds no basis for awarding the requested relief.

First and foremost, Rule 60(b) does not provide an avenue for relief from a judgment in a criminal case. The Sixth Circuit and other courts have uniformly held that "Fed. R. Civ. P. 60(b) does not apply in criminal proceedings." *United States v. Bender,* No. 03-3881, 96 F. App'x 344, 345 (6th Cir. Apr. 26, 2004); *see also United States v. Diaz,* No. 00-1876, 79 F. App'x 151, 152 (6th Cir. Oct. 24, 2003); *United States v. Charles,* No. 01-5806, 37 F. App'x 758 (6th Cir. June 17, 2002); *United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Pope,* No. 03-1523, 124 F. App'x 680, 682 (2d Cir. Mar. 2, 2005); *Bixler v. Harry,* No. 09-11071, 2009 WL 1107699, at *2 (E.D. Mich. Apr. 23, 2009). While "[a] Rule 60(b) motion may be used to seek relief from the denial of [a 28 U.S.C.] § 2255 motion . . . if it pertains to issues that were decided in the § 2255 case," *Bender,* 96 F. App'x at 345, Defendant has never pursued such a collateral attack upon his conviction or sentence under § 2255. Consequently, there is no civil case to which Defendant could tether his request for Rule 60(b) relief.

This leaves only the possibility that Defendant's motion could be recharacterized as a motion to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255. *See Castro v. United States,* 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003) (setting forth the notice and warning a district court must give before recharacterizing a *pro se* defendant's

motion as a first motion brought under § 2255).[1] Yet, as the Government points out, any such recharacterization would be unavailing to Defendant here, where his motion was not brought within the one-year period of limitation for seeking relief under § 2255. Defendant's conviction became final in February of 2001 when the Supreme Court denied his petition for a writ of certiorari, but the present motion was not filed until almost four years later.

Seeking to avoid this conclusion, Defendant suggests that his motion should be exempt from § 2255's one-year period of limitation because his challenge goes to this Court's jurisdiction to enter a judgment of conviction against him. The courts have uniformly rejected this contention, however, observing that § 2255 itself expressly contemplates challenges to a sentencing court's jurisdiction without in any way indicating that these particular sorts of attacks need not be brought within the statute's one-year period of limitation. *See, e.g., Barreto-Barreto v. United States,* 551 F.3d 95, 100 (1st Cir. 2008); *Banks v. Ludwick,* No. 07-12821, 2008 WL 2397627, at *5 (E.D. Mich. June 11, 2008); *Hubert v. United States,* No. 5:06CV-000P10-R, 2006 WL 2404007, at *6

---

[1] Defendant has sent somewhat mixed messages as to whether he wishes the Court to recharacterize his motion as brought under § 2555. In a reply in support of his motion, he appears to concede the Government's point that § 2255, and not Rule 60(b), is the appropriate vehicle for pursuing his constitutional challenge to § 924(j), and he invites the Court to recharacterize his motion. In a subsequent submission, however, Defendant opines that Rule 60(b) provides a viable means for challenging his conviction, and he explicitly states that he does *not* wish to have his motion recharacterized as brought under § 2255. In light of the Court's disposition of this matter, it need not attempt to discern Defendant's true wishes.

3

(W.D. Ky. Aug. 17, 2006).[2]

Similarly, to the extent that Defendant cites his "actual innocence" as a ground for excusing his untimely filing, a showing of actual innocence would not altogether supplant the statutory one-year bar, but would only permit Defendant to appeal to the doctrine of equitable tolling. *See Souter v. Jones,* 395 F.3d 577, 599-602 (6th Cir. 2005); *Dunlap v. United States,* 250 F.3d 1001, 1007 (6th Cir. 2001). This doctrine is "used sparingly by federal courts," and typically "applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003) (internal quotation marks and citation omitted). Moreover, equitable tolling generally is unavailable "where the claimant failed to exercise due diligence in preserving his legal rights." *Jurado,* 337 F.3d at 642 (internal quotation marks and citations omitted). In this case, Defendant has not even attempted to show that he could satisfy the prerequisites for the application of equitable tolling. Most significantly, he has not identified any obstacle to bringing his present challenge within the one-year limit set forth in § 2255, or at least within a short time thereafter (as opposed to nearly three years later). Consequently, there is no need to inquire of Defendant whether his motion should be recharacterized as brought under § 2255, because this

---

[2]The case cited by Defendant, *Kelly v. United States,* 29 F.3d 1107, 1112-14 (7th Cir. 1994), is not to the contrary. In that case, the court held that a jurisdictional defect cannot be procedurally defaulted, and that, as a result, the defendant could not be required to show "cause" for his failure to raise his jurisdictional challenge on direct appeal. The court did not even consider, much less decide, whether jurisdictional challenges are subject to § 2255's one-year period of limitation.

recharacterized motion would be subject to dismissal as time-barred.[3]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for relief from judgment (docket #94) is DENIED.  In light of this ruling, IT IS FURTHER ORDERED that Defendant's motion to request calendaring of his Rule 60(b) motion (docket #98) and his motion for appointment of counsel (docket #99) are DENIED AS MOOT.  Finally, to the extent that Defendant pursues an appeal from this ruling and it is determined that he must secure a certificate of appealability ("COA") in order to do so, the Court finds that no such COA should issue, as Defendant's Rule 60(b) motion fails to make a substantial showing of the denial of a constitutional right.

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated:  June 9, 2009

---

[3] In light of this conclusion, the Court need not consider whether Defendant has advanced a tenable theory of "actual innocence" through his claim that 18 U.S.C. § 924(j) represents an unconstitutional exercise of congressional authority.

**CERTIFICATE OF SERVICE**

I hereby certify that on   June 9, 2009   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:            Robert W. Haviland                                                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
 Carlos Hicks, #16774-039, FCI Pekin, Federal Correctional Institution, P.O. Box 5000, Pekin, Illinois 61555                                                                                     .

                                                s/Ruth A. Brissaud                 
                                                Ruth A. Brissaud, Case Manager
                                                (313) 234-5137