UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 2:96-cr-80335
                                                  Honorable Victoria A. Roberts

CARLOS UNDRY HICKS,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S
## HABEAS CORPUS PETITION

### I. INTRODUCTION

Petitioner Carlos Undry Hicks pled guilty to murdering a witness to prevent testimony. The judge sentenced him to 420 months in prison on January 28, 1999. On appeal, the Sixth Circuit affirmed his conviction. The United States Supreme Court denied his petition for writ of certiorari.

On July 15, 2016, Hicks filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, asking the Court to vacate his conviction. The essence of Hicks's claim is that the act underlying his conviction – shooting and killing a witness – no longer qualifies as a crime of violence.

### II. STANDARD OF REVIEW

28 U.S.C. § 2255(a) provides that a prisoner in custody may move to vacate, set aside, or correct a sentence imposed by a federal court on grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the

1

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" Under 28 U.S.C. § 2255(f), "[a] 1-year period of limitation shall apply to any motion under this section," which runs from "the date on which the judgment of conviction becomes final."

Should the initial 1-year period of limitation expire, a Petitioner may bring a motion under 28 U.S.C. § 2255(f)(3), which provides that a 1-year limitation runs from "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The initial 1-year period of limitation has expired. Hicks now brings this motion under 28 U.S.C. § 2255(f)(3).

### III. BACKGROUND

Hicks pled guilty to one count of murder during a federal crime of violence in violation of 18 U.S.C. § 924(j). He used a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1); that crime of violence was shooting and killing a witness with intent to prevent testimony at trial, in violation of 18 U.S.C. § 1512(a). For an act to qualify as a "crime of violence" for the purposes of § 924(c)(1), it must meet the criteria set forth in § 924(c)(3), which states that a "crime of violence" is "an offense that is a felony and –

(A) has as an element the use, attempted use, or threated use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Petitioner asks the Court to find that the end of this provision – "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" – is unconstitutionally vague under the due process clause of the Fifth Amendment. Petitioner reasons that because he was convicted under § 924(c), and a portion of that statute is unconstitutional, his conviction should be vacated.

### IV. ANALYSIS

Hicks relies on two cases to support his petition: *Johnson v. United States*, and *Sessions v. Dimaya*.

In *Johnson*, the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally vague. *Johnson v. United States*, 135 S.Ct. 2551, 2555-63 (2015). The residual clause provided an additional basis to define an act as a "violent felony" for the purposes of the statute. The ACCA defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B). "Subsection (i) of this definition is known as the elements clause. The end of subsection (ii) – 'or otherwise involves conduct that

3

presents a serious potential risk of physical injury to another' – is known as the residual clause." *Welch v. United States*, 136 S.Ct. 1257, 1261 (2016), (quoting *Johnson*, 135 S.Ct. at 2555-56). Concluding that the residual clause was so ambiguous that it "denie[d] fair notice to defendants" and "invite[d] arbitrary enforcement by judges," the Court struck it down. *Johnson*, 135 S.Ct. at 2557.

The Supreme Court later applied *Johnson*'s reasoning in *Sessions v. Dimaya*, finding § 16(b) of the Immigration and Nationality Act ("INA") unconstitutionally vague. *Sessions v. Dimaya*, 138 S.Ct. 1204, 1208 (2018). Section 16(b) defines a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

Section 16(b) of the INA is virtually identical to § 924(c)(3)(B). The relevant question now becomes: did the Supreme Court, in recognizing that § 16(b) is void for vagueness, also recognize § 924(c)(3)(B) as void? Section 2255(f)(3) requires that the right asserted in a habeas petition be recognized "by the Supreme Court." At least one court ruled that because § 16(b) and § 924(c)(3)(B) are virtually identical, § 924(c)(3)(B) is also void for the purposes of habeas review. *See United States v. Sangalang*, No. 208CR163JCMGWF, 2018 WL 2670412, at *3 (D. Nev. June 4, 2018).

Others hold the opposite, contending that *Dimaya* only invalidated § 16(b), not § 924(c)(3)(B), and that for § 924(c)(3)(B) to be held invalid such that the "right" is available for collateral review, the Supreme Court must expressly recognize it. *See Sheppard v. United States*, No. 12-CR-20332, 2016 WL 10957319, at *3 (E.D. Mich. Nov. 17, 2016); *see also United States v. Brown*, No. CR 11-00015-2, 2018 WL

4

2171450, at *5 (W.D. La. May 10, 2018), *report and recommendation adopted*, No. 12-CR-20332-02, 2016 WL 7239483 (E.D. Mich. Dec. 15, 2016). Without doubt, this issue is divisive and ripe for consideration. Some prisoners may be eligible for reduced sentences or early release, but for their convictions under § 924(c)(3)(B). Leah Litman, *Vague Criminality and Mass Incarceration: Will Dimaya End the Insanity?*, HARV. L. REV. BLOG (June 24, 2018, 3:57 PM), https://blog.harvardlawreview.org/vague-criminality-and-mass-incarceration-will-dimaya-end-the-insanity.

But the validity of § 924(c)(3)(B) has no bearing on whether Hicks's petition is granted in this case. Hicks's actions still qualify as a crime of violence under § 924(c)'s "use of force" clause: "an offense is a felony that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner overlooks this detail in his briefs. In essence, he asks the Court to find that shooting and killing another person is not a crime that involves the use of force. This assertion is patently incredulous. Section 2255 habeas motions exist to remedy flawed federal convictions, and Hicks's conviction rests on defining shooting and killing another person as an act involving the use of force. This Court sees no flaw in that definition.

Since this Court is not required to address a procedural issue before deciding against a habeas petitioner on the merits, it will abstain from wading into the issues raised by *Johnson* and *Dimaya* regarding convictions under § 924(c)(3)(B). *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary,* 520 U.S. 518, 525, 117 S.Ct. 1517 (1997)). It will also abstain from addressing the procedural issue

raised by the Government regarding Hicks's potential failure to file this motion timely. As discussed above, Hicks's petition is easily resolved on the merits under § 924(c)(3)(A).

## V.     CONCLUSION

Hicks's Petition for writ of habeas corpus fails to consider that his underlying conviction – murdering a witness to prevent his testimony – qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). Accordingly, his Petition is **DENIED.**

**IT IS ORDERED.**

                                            S/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated:  June 29, 2018