UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No.  96-20335
                                    HON. VICTORIA A. ROBERTS

v.

JAMES HICKS,

        Defendant.

_____/

## ORDER DISMISSING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF No. 118]

### I.  INTRODUCTION

This matter is before the Court on Carlos Hicks' ("Hicks") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He asks the Court to place him on home confinement for the duration of his sentence because of the COVID-19 pandemic. The motion is fully briefed. The Court heard oral argument on August 14, 2020.

Because Hicks failed to properly exhaust the administrative process with the Bureau of Prisons ("BOP"), the Court **DISMISSES** his Motion without prejudice.

### II.  BACKGROUND

1

Hicks is 50 years old with underlying medical conditions, including hypertension and latent tuberculosis (TB). Between November 1995 - February 1996, Hicks sold cocaine to informants. The Government charged him with distributing cocaine in a three-count indictment. The Court released Hicks on bond.

During plea negotiations, the Government disclosed one informant's identity to Hicks through his attorney. Hicks saw the informant driving a car and ran towards him carrying a gun. Hicks shot several times and killed him. Three people witnessed the shooting. The police arrested Hicks in a house and found the murder weapon. Hicks pled guilty to murder during a federal crime of violence; a third superseding information charged him with "killing Daniel Duffie with intent to prevent [his] testimony . . . ."

In his Rule 11 agreement, Hicks agreed that the guideline for first degree murder, USSG § 2A1.1(a), applied to his conduct. (Ex. 4: Plea Agreement, 9). In 1999, the Court sentenced Hicks to 35 years in prison. *United States v. Hicks*, 234 F.3d 1270, *1–2 (6th Cir. 2000). He is incarcerated at Yazoo City Medium in Mississippi. His projected release date is October 18, 2026.

### III.  STANDARD OF REVIEW

The Court's authority to grant Hicks' request for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Compassionate release is an exception to the general rule that courts may not modify a prison sentence once imposed, except: (i) upon a motion from the BOP; (ii) after the inmate has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf"; or (iii) after "the lapse of 30 days from the receipt of such a request by the warden of the [inmate]'s facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

After determining the administrative process is exhausted, the Court must find extraordinary and compelling reasons warrant a reduction of the inmate's sentence, that the Defendant does not present a danger to the community, and that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the factors set forth in § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

## IV. ANALYSIS

### A. Hicks Failed to Properly Exhaust the BOP's Administrative Process With the BOP

Hicks is understandbly concerned about his health and the conditions at Yazoo City Low in Mississippi. Presently, there are 0 inmates positive for COVID-19; 2 inmates have died of COVID-19; and 95 inmates recovered

after testing positive. *See* https://www.bop.gov/locations/institutions/yaz/ (last visited Aug. 14, 2020). However, the Court cannot analyze whether Hicks presents "extraordinary and compelling reasons" for compassionate release until he properly exhausts administrative remedies with the BOP.

The Sixth Circuit recently held that this exhaustion requirement is a "mandatory condition." *United States v. Alam,* 960 F.3d 831, 833 (6th Cir. June 2, 2020). The Sixth Circuit found "[t]he seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk." *Id.* at 835-36.

In his *pro se* motion, Hicks asks the warden for compassionate release due to the ongoing COVID-19 pandemic and conditions at Yazoo. But, he does not mention any underlying health conditions that may increase his risk for severe illness. For this reason, the Government says the Court must dismiss Hicks's motion.

In his supplemental brief, Hicks says that he did in fact request compassionate release on June 15, 2020, which the BOP denied. The Court reviewed Hicks's request: it is titled "Compassionate Release" and details a release plan, programs he completed in prison, and requests home confinement. [ECF No. 82-3, PageID.442].

4

In *United States v. Lawrence,* No. 17-20259, 2020 WL 3163056 (E.D. Mich. July 27, 2020)*,* Lawrence submitted an administrative request that the warden denied. *Id.* at *3. This request did not mention any of the health conditions Lawrence relied on as the basis for his compassionate release motion before the court. *Id.* The court dismissed the motion, holding "[w]here the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement because it does not give the BOP an opportunity to act on the request before [the defendant] brings his request to the courts." *Id.* (citing *United States v. Mogavero,* No. 15-00074, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020)).

Indeed, the Code of Federal Regulations provides that at a minimum, a request for a motion under 18 U.S.C. § 3582(c)(1)(A) must contain: (1) the extraordinary or compelling circumstances that the inmate believes warrant consideration; and (2) proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment. 28 C.F.R. § 571.61.

Hicks' request to the BOP did not satisfy these minimal requirements and certainly did not present the "extraordinary and compelling

5

circumstances" his motion now relies on. Because of this, the BOP could not evaluate the request based on Hicks's underlying health conditions. Hicks failed to properly exhaust the administrative process. The Court must dismiss his motion.

## V. CONCLUSION

The Court **DISMISSES** Hicks's Motion for Compassionate Release without prejudice.

Date: August 17, 2020

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge