UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

CARLOS UNDRY HICKS,

    Defendant/Petitioner.
_____/

Case No. 96-80335
Honorable Victoria A. Roberts

## ORDER VACATING HICKS' APPOINTMENT OF COUNSEL

Carlos Undry Hicks pled guilty to murdering a witness to prevent testimony and was sentenced to 420 months in prison on January 28, 1999. The Court denied Hicks' motion to vacate sentence under 28 U.S.C. § 2255, and the Sixth Circuit dismissed his appeal in November 2018.

In October 2019, Hicks filed a motion to appoint counsel to help him determine if he had a claim pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019). The Court granted Hicks' motion to appoint counsel and appointed Natasha D. Webster to represent Hicks.

On February 1, 2021, Ms. Webster filed a letter on the docket informing the Court that "the *Davis* case is not applicable to the facts of [Hicks'] case." The Court agrees.

Under 18 U.S.C. § 924(c)(3), the term "crime of violence" is defined in two subparts – the "elements clause," § 924(c)(3)(A), and the "residual clause," § 924(c)(3)(B).  In *Davis*, the Supreme Court held that the "residual clause" of § 924(c)(3)(B) was unconstitutionally vague.  139 S. Ct. at 2336.

Hicks' reliance on *Davis* is misplaced.  He was convicted pursuant to the "elements clause" – which was not at issue in *Davis*.  Because Hicks' conviction was not predicated on the residual clause, *Davis* is not applicable.

In her letter, Ms. Webster said she consulted with Hicks and explained to him that *Davis* does not apply; she also said that because *Davis* does not apply, she will not file any motions or briefs to advance the claim.  The Court thanks Ms. Webster for her candor.

Because Hicks is not entitled to relief under *Davis*, the Court **VACATES** the order appointing him counsel related to the Supreme Court case *United States v. Davis*.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 2, 2021