UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 96-80335
                                        Honorable Victoria A. Roberts

CARLOS HICKS,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [ECF No. 159]**

**I.    Introduction**

Before the Court is Carlos Hicks' ("Hicks") third Motion for Compassionate Release under 18 U.S.C. § 3582. The first motion was denied on procedural grounds; the Court denied the second motion on the merits. Hicks' third motion asks the Court to reconsider its ruling that the sentencing factors under 18 U.S.C § 3553(a) do not support a sentence reduction. [ECF No. 169].

Because Hicks failed to timely file his motion for reconsideration and there was no palpable defect by which the Court or parties were misled, the Court **DENIES** his motion.

## II.     BACKGROUND

The Court and the parties are familiar with the facts of this case. While on bond for distributing cocaine, Hicks learned the identity of a government witness and killed him to prevent testimony at trial. Hicks pled guilty in 1999; the Court sentenced him to 420 months.

In the Court's Order Denying Defendant's Renewed Motion for Compassionate Release [ECF No. 149], the Court concluded that Hicks' "medical conditions and [his laudable] rehabilitative efforts weighed in favor of release," but that the § 3553(a) factors "militate strongly against it." *United States v. Hicks*, No. 96-80335, 2021 WL 51398, at *5 (E.D. Mich. Jan. 6, 2021)

Importantly, the Court believed that Hicks's long record of prison disciplinary infractions for fighting and destruction of property—among other things—coupled with his underlying murder conviction, outweighed any extraordinary and compelling justifications for reduction. *Hicks*, 2021 WL 51398, at *5. ("[Hicks's violent crime] weigh[s] strongly against reduction of a sentence even when extraordinary and compelling medical justifications exist.") *Id.* at *6.

Hicks appealed the Court's ruling to the Sixth Circuit, arguing that the district court placed more emphasis on the nature of his offense and

disciplinary infractions, than on other § 3553(a) factors. He also argued that the Court failed to give appropriate weight to his rehabilitation.

The Sixth Circuit upheld the Court's ruling, concluding that "in denying Hicks's motion for compassionate release, the district court considered the relevant § 3553(a) factors, including his post sentencing conduct," and "given that Hicks murdered a government witness, the district court's emphasis on [the seriousness of his] offense did not reflect an abuse of discretion." [ECF No. 157].

Now Hicks asks the Court to reconsider its ruling, arguing that additional information warrants reconsideration of the § 3553(a) factors. [ECF No. 169].

Hicks' aunt who helped to raise him and his first-born daughter died in 2021, and Hicks wants to help care for his brother, who is autistic.

Hicks also points to rehabilitative efforts that he believes indicate his low risk of recidivism. He has worked in various UNICOR settings where the prison entrusted him to use a variety of tools that would be considered contraband if they were unauthorized, including screw drivers, scissors, and needles.

Hicks has not had a disciplinary infraction since 2015. And he submitted a personal letter from Michael Santos, the instructor of the

3

Earning Freedom 100-hour course. This is a resource intended to teach prisoners how to live law-abiding lives. Mr. Santos says Hicks completed the course, developed significant writing skills, and earned a "Certificate of Excellence." [ECF No. 169-2, PageID.1176]. He believes that Hicks has made a commitment to "preparing for a law-abiding, contributing life." [Id].

### III.  DISCUSSION

A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order. L.R. 7.1(h)(1). The court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. L.R. 7.1(h)(3). The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case. L.R. 7.1(h)(3).

The Court ruled on Hicks' Renewed Motion for Compassionate Release [ECF No. 133] in January 2021. Hicks appealed and the Sixth Circuit issued its order [ECF No. 157] in May 2021. Hicks did not file his motion for reconsideration until December 2021, more than 14 days after

the Court's Order Denying Defendant's Renewed Motion for Compassionate Release [ECF No. 150].

However, even if Hicks's motion was timely, he cannot show that the Court or the parties were misled by a palpable defect or that correcting such a defect would change the disposition of the case.

Hicks argues that the § 3553 factors favor reduction because he is at low risk of recidivism and has engaged in rehabilitation programs. However, the Court already considered Hicks' low risk of recidivism and rehabilitation efforts when it denied his Renewed Motion for Compassionate Release. *Hicks*, 2021 WL 51398, at *5-6 ("[w]hile the risk of recidivation may be low, the cost of recidivation is high."). It stated, however, that "[s]hortening [his] sentence [for the murder of a witness] . . . would undermine the seriousness of the offense." *Id*.

It remains true that violent crimes of this manner weigh strongly against reduction of a sentence even when extraordinary and compelling medical justifications exist. *See e.g., United States v. Shakur*, 2020 WL 6482875, F.Supp.3d (2020) (denying compassionate release to a petitioner currently incarcerated for 1st degree murder with extraordinary and compelling medical conditions because "3553(a) factors make it impossible for the Court to find that Shakur demonstrates [that a reduction is

5

warranted.]"). The "additional information" submitted by Hicks regarding the deaths of his two loved ones, his brother's autism, and his rehabilitative efforts do not mitigate the seriousness of his offense or reveal a palpable defect by which the Court or the parties were misled.

## IV.  CONCLUSION

For these reasons the Court **DENIES** Hicks's Motion for Compassionate Release.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  April 1, 2022